J. T. B. FEATHERSTONH *v.* THOMAS A. COMPTON et al., McDOWELL, MILLS & Co., Garnishees.

Decision in *Scott* v. *Duke*, *Killgore* v. *Planters Bank*, and *Commercial Bank* v. *Markham*, 3 A., affirmed.

It is competent for the garnishee to plead all defences which may be necessary for the protection of his own interest. Of such a nature is a plea which shows that the plaintiff cannot recover against him, because the law, under which he is proceeding against the defendant, is repealed.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Duncan & Redmond*, for plaintiff and appellant. *Stockton & Steele*, for garnishees.

BUCHANAN, J. This is an appeal by plaintiff from a judgment of the District Court discharging a garnishee from liability to satisfy a judgment of which the plaintiff is assignee, obtained in the year 1840 in the State of Mississippi. This Mississippi judgment was made executory by an order of the Ninth Judicial District Court of Louisiana, sitting in Concordia, in the year 1842. A writ of *fieri facias* was directed from the Ninth District Court to the Sheriff of the parish of Orleans, on the 31st December, 1851, (page 51 of the record,) and under this *fi. fa.* the sheriff of Orleans seized, on the 11th February, 1852, in the hands of *McDowell, Mills & Co.* all moneys, credits, &c., belonging to defendant, *Thomas A. Compton.* Interrogatories were propounded on the same day to the garnishees, which they have answered by acknowledging an indebtedness to *Compton* individually, but averring that they are creditors to a far larger amount of a commercial firm of which *Compton* is the principal partner. The plaintiff ruled garnishees to shew cause why they should not pay the amount into Court which they acknowledged to be due to *Compton* individually. On hearing, the Judge below discharged the rule.

The first point made in the cause by the counsel of appellees is, that the proceedings against their clients are unauthorized by law and void.

The article 746 of the Code of Practice provided, that when a creditor has obtained against his debtor a judgment having the force of *res judicata* in another State of the Union, or in a foreign country, he might execute such judgment by having the property of his debtor seized and sold by executory process, without previous citation, in the same manner as on privileged or mortgaged debts contained in acts importing confession of judgment.

But by Act of 1st June, 1846, (Session Acts, page 166,) it was declared that so much of the above mentioned article of the Code of Practice as authorizes a creditor, having obtained a judgment in another State of the Union, or in a foreign country, to proceed by executory process on said judgment, was repealed.

In three cases decided by the late Supreme Court, in the same year, and reported in 3d Annual Reports, it was held, that the effect of this repealing law was to arrest proceedings, even when commenced. In the first of those cases *Scott* v. *Duke*, the order of seizure and sale was granted by the District Court

FEATHERSTONH  of Tensas, in December, 1845, upon a judgment rendered in Alabama. The
v.
COMPTON ET AL.  appeal was taken in December, 1847. The language of the Supreme Court, in
deciding the case, is: "When the appeal was taken in this case, the law au-
thorizing the executory process had been repealed, and the order of seizure
had become inoperative in consequence of that repeal." The facts were sub-
stantially the same in the two cases of *Killgore* v. *Planters Bank*, and *Commer-
cial Bank* v. *Markham*, which affirmed the decision in the case of *Scott* v.
*Duke*.

Those cases are decisive of the present one. Their authority does not seem
to have been called in question in the five years that have elapsed since their
decision, and we see no reason for questioning it at this time. It is, indeed, in-
sisted with much earnestness by the counsel of appellant, that it is for the de-
fendant alone to plead the illegality of the executory process, and that this is a
matter with which the garnishee has no concern. We are of the opinion that
it is competent for the garnishee to plead all defences which may be necessary
for the protection of his own interest. Of that nature is a plea which shows
that the plaintiff cannot recover against him, because the law, under which he
is proceeding, has been repealed.

Judgment affirmed.

Rehearing refused.